## FRATERNAL AID ASSOCIATION v. GREMMINGER.

### [No. 22,927. Filed December 7, 1915.]

1. INSURANCE.—*Mutual Benefit Insurance.*—*Warranties in Application.*—*Waiver.*—In an action on a mutual benefit certificate, defended on the ground that decedent had warranted in his application that he was not addicted to the excessive use of intoxicants and that such statement was false, plaintiff's reply of waiver was established by evidence showing that at the time of applying for membership and all during the period of his membership decedent's habit as an excessive user of intoxicants was known to the medical examiner and to the officers and members of the lodge, that no charges were preferred, that his dues were regularly accepted, and that he was treated as a member in good standing to the time of his death. pp. 58, 60.

2. APPEAL.—*Review.*—*Findings.*—*Conclusiveness.*—Where the evidence is conflicting the facts presented by the complaint and the reply must be treated as established in view of the court's finding for plaintiff. p. 59.

From Sullivan Circuit Court; *William H. Bridwell,* Judge.

Action by Clara A. Gremminger against the Fraternal Aid Association. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*John O. Piety,* for appellant.
*Davis & Davis* and *Hays & Hays,* for appellee.

SPENCER, J.—This is an action brought by appellee against appellant to recover on a certain con-

tract of insurance, known as a beneficiary certificate, which was originally issued to George A. Haslett on June 10, 1904, and reissued on December 17, 1907, with appellee, a sister of Haslett, named as the beneficiary therein. Haslett departed this life on February 20, 1911, a member in good standing in appellant order.

In this appeal from the judgment of the trial court, sustaining appellee's claim, appellant has waived all of the alleged errors in the proceedings below except those presented by the ruling on its motion for a new trial. For an understanding of appellant's position we review briefly the allegations of the pleadings. The amended complaint alleges the issuance of the beneficiary certificate, the death of Haslett, the payment of all dues and assessments required of him under the contract, the proper execution of proofs of death and the receipt thereof by appellant more than ninety days prior to the institution of this suit, and asks judgment in the amount of the certificate with interest thereon.

Appellant answered in general denial and also affirmatively asserted that the certificate in question was based on a written application for membership in appellant order and on a medical examination to which Haslett was submitted, and in each of which he warranted the truth of the answers made by him to questions contained therein; that in said application Haslett was asked the question: "To what extent do you use intoxicating drinks as a beverage?" and replied: "Beer, occasionally." That appellant relied on the answer, but that the same was false and was known by Haslett to be false at the time he made it; that, in fact, Haslett, prior to and at the time he made the answer, drank to excess and at times became intoxicated; that if ap-

pellant had known that Haslett was addicted to the excessive use of intoxicating liquors it would not have admitted him to membership or issued the beneficiay certificate to him; that it did not discover that Haslett's answer to the above question was untrue until after his death, whereupon it tendered to appellee the full amount of the dues and assessments paid on the certificate, which tender was refused.

Appellee filed a reply in which she admitted that Haslett did have the habit of drunkenness at the time of making the application and of submitting to the medical examination, and alleged further that the medical examiner was the agent and representative of appellant; that he knew of the daily and excessive use of intoxicants by the member and the extent of such use; that as the agent and with said knowledge, the examiner advised and recommended the issuance of the certificate; that appellant had knowledge of Haslett's use of intoxicants to excess at the time it solicited him to become a member and at the time he was accepted as such member; that with said knowledge appellant received and continued to receive the payments made on the certificate until and after Haslett's death; that the member continued his use of intoxicating liquors until his death, but that his death was not caused or induced by such use of intoxicants; that appellant made no effort at any time after June 10, 1904, and before Haslett's death, to cancel the certificate and did not attempt to rescind or repudiate its contract until more than six months after its receipt of proofs of Haslett's death.

As is usual in cases of this character the evidence is in dispute on many of the issues presented by the above pleadings but on no one of the issues presented by appellee's complaint and reply is

2.

there a failure of proof. In view of the court's finding we must take the facts presented by those pleadings as established and need not refer in detail to much of the evidence given. To indicate that appellant clearly had knowledge of Haslett's

1. habits, however, we quote in part from the testimony of three witnesses. The witness, Ella M. Ladrue, who was a member of appellant order at the time Haslett was a member, testified as follows: "Q. What was Mr. Haslett's condition as to being sober or otherwise when he signed it? (the application.) A. About like he always was. He was neither drunk or sober. He was under the influence of liquor, the same as he always was. Q. Did you see him in the lodge, in that condition? A. Yes, I did. Q. Did the other members see him in that condition? A. Yes, he was always that way. Q. Did the officers see him that way? A. Yes, they could not help it. Q. Had he been in that habit long before this? A. Yes, sir. Q. Had you ever heard any talk about it in the lodge? A. Well, there was never any charges brought against him. Q. Was there any talk in the lodge? A. Yes, on two occasions. Q. What was his standing with the lodge when he died? A. He was in good standing." The witness, Charles R. McGowan, also a member of appellant order with Haslett, testified as follows: "Q. What was his (Haslett's) condition when he was taken in? (As a member of the order.) A. Just the same as usual, about half drunk. Q. Was Dr. LaBier (the medical examiner) there then? A. He was. Q. There were other officers there? A. Yes, sir. Q. And he was accepted? A. Yes, sir. Q. And initiated? A. Yes, sir. Q. He attended lodge frequently? A. Yes, sir. Q. And how was he as to being intoxicated at other times? A. His condition run

about the same." The witness, John F. Sheperd, another member, testified as follows: "Q. Did you know George Haslett? A. I remember the night he came in and was initiated. Q. What was his condition that night? A. He was either boozed or braggadocio. Q. What was his condition? A. It was hard for me to tell. The man was noisy and loud. Q. Were there any remarks made about it? A. Not in my presence. Q. Was he under the influence of liquor? A. I should judge the man was. Q. Did you see him after that in the lodge? A. I did. Q. What was his condition at this time? A. Generally about the same thing. Q. Did you hear any of the officers make any comment? A. No, sir. Q. You were not an officer, were you? A. Yes, sir. Q. What position did you hold during all this time? A. I held president, vice president and past president. Q. And during all these times you saw him intoxicated? A. At different times. Q. Were there any charges preferred against him, on that account? A. No, sir. Q. What was his standing, when he died? A. So far as I know, he was in good standing." It is plain that the evidence shows that Haslett was intoxicated and in the habit of using intoxicating liquors to excess at the time he made application to become a member of appellant order; and when he was initiated as such member. It appears that he continued to have such habits and attended meetings of the lodge when under the influence of liquor; that appellant's officers knew of his condition and habits, but continued to receive his dues and assessments without objection. The facts alleged in appellee's reply are sustained by some evidence and sufficiently show a waiver of appellant's right to contest the claim herein on the ground that Haslett's answer was false. Judgment affirmed.

NOTE.—Reported in 110 N. E. 546. As to forfeiture of certificate and waiver thereof, see 19 Am. St. 783. As to waiver of or estoppel to deny forfeiture of a benefit certificate for violation of the contract of insurance other than failure to pay assessments or dues, see 12 Ann. Cas. 639. See, also, under (1) 29 Cyc 190, 193; (2) 3 Cyc 360.